IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case Nos. 3:11 CR 566-3 / 566-4 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Aretha J. Allen and Shareese D. Norwood, | |
| Defendants. | |

This Court held a phone conference on May 14, 2012, at counsel's request, to discuss whether it is appropriate to dismiss the charges for Aggravated Identity Theft pursuant to 18 U.S.C. § 1028A (Count 20 as to Defendant Allen and Count 21 as to Defendant Norwood). Counsel present: Gene Crawford for the United States; Rebecca West-Estell and Andrew Schuman for Defendants.

Because the statute requires knowing possession of "a means of identification," Defendants contend possession of credit card numbers only, without any associated names or addresses, is legally insufficient. As support Defendants cite *United States v. Figueroa*, 556 U.S. 646 (2009), which required proof for conviction "that the defendant knew that the means of identification at issue belonged to another person." *Id.* at 657.

In that case, Figueroa, a citizen of Mexico, gave his employer a false Social Security number and alien registration card. When authorities realized these identification cards belonged to other individuals, Figueroa was charged with Aggravated Identity Theft. *Id.* at 649. However, because

Figueroa did not know if these numbers were stolen from real people, or merely fictitious, the court concluded the charges should be dismissed.

Here, the Government plans to show the credit card numbers at issue were retrieved from merchants, receipts, and orders placed over telephone. This is evidence from which a jury could infer that Defendants not only "knew the [numbers] were not [theirs]" but also that, because the numbers were used, they "belong[ed] to another person . . . ." *Id.* at 656. Under *Figueroa*, such proof is sufficient to show Defendants "knew that the means of identification belonged to another person." *Id.* at 657.

Accordingly, this Court denies Defendants' oral motion to dismiss the Aggravated Identity Theft charges.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

May 15, 2012